26 C.C.P.A. (Patents)

### In re LOHSE.

### Patent Appeal No. 4066.

Court of Customs and Patent Appeals.

Feb. 6, 1939.

James S. Stewart, of Boston, Mass., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office rejected all of appellant's claims in an application for a patent relating to a liquid atomizer. Upon appeal to the Board of Appeals, the decision of the examiner was affirmed and the applicant has appealed here for a review of the decision of the board.

Of the six appealed claims, number 1 is illustrative of the subject matter involved and reads as follows: "1. A liquid atomizer comprising liquid discharge and compressed air tubes leading to a common atomizer tip, a nasal cap dimensioned to be detachably applied over the exterior of the atomizer tip, the assembled tip and cap being provided with intervening vent passages for relieving pressure in the nasal passage in which the cap is inserted."

The alleged invention disclosed in the application relates to a medicinal nasal atomizer which is so constructed that it has an intervening vent passage inside the nasal cap to permit the escape of air and thus reduce the air pressure in the nasal cavities brought about by the use of the atomizer.

The references relied upon are:

Dunlap, 646,491, April 3, 1900.

Bailey, 1,968,366, July 31, 1934.

It will be noticed that claim 1 calls for the tip and cap to be provided with an *intervening* vent passage. Though differently worded, claims 2, 5 and 6 contain similar limitations. Claim 3 defines said

pressure-relieving passage as "interior" of the cap while claim 4 contains the limitation "said tip being grooved externally to provide pressure-relieving passages interiorly of the cap."

In the examiner's statement is the following:

"The patent to Bailey shows liquid discharge and compressed air tubes leading to a common atomizer tip, all of which is conventional. This reference also shows 'an exterior detachably applied centrally perforated nasal cap surrounding said tip and formed with a convex exterior surface adapted to fit into a nasal passage' * * * 'the cap being * * * disposed to provide narrow * * * (exterior) passages * * * for relieving against excessive pressure in the nasal passage' * * * .

"The patent to Dunlap shows a 'tip and a * * * cap removably fitted over the exterior of the tip to provide interior pressure relieving passages', although not intended as an applicator * * *.

"Claims 1 to 6, inclusive, were rejected on Bailey as not patentably distinguishing therefrom. This reference shows applicant's device in every respect except for the location of the vents between the tip and cap. This reference is for applicant's purpose and functions in the same manner. It relieves pressure in the nasal passages in use as does applicant's device. Applicant contends that device permits leakage of liquid exteriorly of the cap through the vents. If this be true there is also leakage of liquid in applicant's device through his vents inasmuch as air in each case escapes through these vents and is saturated with diffused particles of liquid. Applicant has also contended that the Bailey vents would be too shallow to be effective. It is well known that patent drawings are not required to be drawn to scale, and it is sufficient that Bailey states the vents do relieve pressure. But * * * this contention is idle. It is considered that whether the vents be interiorly of the cap as claimed or exteriorly of the cap as shown by Bailey is but a matter of choice, and only the skill of a mechanic is necessary to dispose the vent slots interiorly. Furthermore, vents are common in many arts as seen in Dunlap. No new or unexpect-

ed result is attained, Powers-Kennedy Corp. v. Concrete M. & C. Co., 282 U.S. 175, 51 S.Ct. 95, 75 L.Ed. 278; 1931 C. D. 698. 'It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures.' Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 231, 27 L.Ed. 438; 1883 C.D. 214. [Reference characters omitted]"

The Board of Appeals stated:

"It is our view the claims which are directed broadly to providing interior passages between the tip and the cap do not patentably distinguish over Bailey. It seems to us if there were objection to the use of the Bailey device, the construction suggested by applicant would be an obvious variation, that is, to provide the grooves on the interior of the cap rather than on the exterior.

"The examiner has cited the patent to Dunlap in this connection but inasmuch as Dunlap is concerned with a spray tube for atomizers and the passage between the cap and the body of the atomizer is not for the purpose of relieving pressure in the nasal passages but for the passage of fluid to be vaporized with the air passing through the ports, we do not consider *this patent particularly pertinent*. [Italics ours; reference characters omitted.]

"The decision of the examiner is affirmed for the reasons given."

We are in agreement with the decision of the board in holding that appellant's application discloses nothing inventive over that disclosed by Bailey. It seems to us that anyone skilled in the art who found that the Bailey device, by reason of the air vents being on the outside of the cap, would become choked with mucous substance, etc., and desired to cure this defect in the construction, would naturally resort to the expedient of constructing an air escape vent within the cap, and that this could be done without the exercise of the inventive faculty.

The decision of the Board of Appeals is affirmed.

Affirmed.